IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,053-01




EX PARTE LARRY JAMES HORTON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 18,436 IN THE 411TH JUDICIAL DISTRICT COURT
FROM POLK COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
aggravated assault, and was sentenced to fifteen years’ imprisonment. The Ninth Court of Appeals
dismissed his appeal for want of jurisdiction because the notice of appeal was untimely filed. Horton
v. State, No. 09-07-441-CR (Tex. App. – Beaumont, October 10, 2007, no pet.).
            Applicant contends, inter alia, that his plea was not knowingly and voluntarily entered, and
that his trial counsel rendered ineffective assistance because counsel failed to investigate issues of
sanity at the time of the offense and competency to stand trial, failed to adequately communicate
with Applicant or explain the proceedings to him, and failed to explain the application of the law to
the facts of this case. Applicant also alleges that neither counsel nor the trial court adequately
explained to Applicant his right to appeal or the procedure and time line for filing a direct appeal.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first supplement the habeas record with a transcript of the plea and
sentencing proceedings, copies of any pre-trial motions filed in this case, and a copy of the PSI
report. The trial court shall then make findings of fact as to whether trial counsel noticed any
indication that Applicant was not competent to enter a plea, and if so, whether he moved to have
Applicant evaluated for competency or sanity. If not, the trial court shall make findings as to why
the trial docket contains a notation on November 16, 2005, to the effect that Applicant was “found
compt.” The trial court shall make findings as to whether counsel explained the application of the
law to the facts of this case, and as to whether counsel discussed with Applicant his options with
respect to going to trial or entering a plea. The trial court shall also make findings as to whether
Applicant was advised of his right to appeal, and if so whether he indicated a desire to appeal. If
Applicant did indicate that he wanted to appeal, the trial court shall make findings as to whether
appellate counsel was appointed, and as to why the notice of appeal in Applicant’s case was untimely
filed. The trial court shall make findings as to whether the performance of Applicant’s trial attorney
was deficient and, if so, whether counsel’s deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: December 15, 2010
Do not publish